# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| DUSTIN S. KOLODZIEJ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:11-CV-00849-MSS-GJK |
| § | |
| JAMES CHENEY MASON AND § | JURY DEMANDED |
| J. CHENEY MASON, P.A., § | |
| § | |
| Defendants. § | |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants James Cheney Mason and J. Cheney Mason, P.A. answer the Plaintiff's Complaint as follows:

1. Paragraph 1 of the Complaint is admitted.

2. To the extent that Paragraph 2 of the Complaint asserts that any defendant was subject to personal jurisdiction in the Northern District of Georgia, Paragraph 2 of the Complaint is denied.[1] Otherwise, Paragraph 2 of the Complaint is admitted.

---

[1] Defendants recognize that the transferor court has ruled against Defendants on this point (Docket #20); however, mindful of the rule set forth in *Ellis v. Great Southwest Corporation*, 646 F.2d 1099 (5th Cir. 1981), Defendants do not concede that such ruling was correct.

3. To the extent that Paragraph 3 of the Complaint asserts that any defendant was subject to personal jurisdiction in the Northern District of Georgia, Paragraph 3 of the Complaint is denied. Otherwise, Paragraph 2 of the Complaint is admitted.

4. Regarding Paragraph 4 of the Complaint, Defendants admit this Court has subject matter jurisdiction.

5. Defendants admit that they are subject to personal jurisdiction in the Middle District of Florida, but deny that they were subject to personal jurisdiction in the Northern District of Georgia.

6. Paragraph 6 of the Complaint is denied.

7. Paragraph 7 of the Complaint is denied, except as follows: Defendants admit that Defendant J. Cheney Mason has refused to pay Plaintiff.

8. Paragraph 8 of the Complaint is admitted.

9. Paragraph 9 of the Complaint is admitted.

10. To the extent that Paragraph 10 of the Complaint is intended to imply that Serrano's defense was limited to the matter asserted in that Paragraph, it is denied; otherwise, it is admitted.

11. Paragraph 11 of the Complaint is admitted.

12. Paragraph 12 of the Complaint is admitted.

13. Paragraph 13 of the Complaint is admitted.

14. Paragraph 14 of the Complaint is denied except as follows: Defendants admit that the words in quotation marks appear in the NBC transcript.

15. Paragraph 15 of the Complaint is denied except as follows: Defendants admit that Defendant Mason has asserted (and indeed Plaintiff and his counsel are actually aware) that the NBC transcript Plaintiff quotes has been substantively and materially edited from the raw transcript of the interview.

16. Paragraph 16 of the Complaint is denied except as follows: Defendants admit that first sentence of Paragraph 16 of the Complaint is a quote from the unedited transcript of the interview.

17. Defendants lack knowledge or information sufficient to admit or deny Paragraph 17 of the Complaint.

18. Defendants lack knowledge or information sufficient to admit or deny Paragraph 18 of the Complaint.

19. Defendants lack knowledge or information sufficient to admit or deny the first sentence of Paragraph 19 of the Complaint.  Defendants admit the remainder of Paragraph 19 of the Complaint.

20. Regarding the first sentence of Paragraph 20, Defendants admit that Plaintiff wrote Defendant Mason again, but deny any implication that either Defendant owed Plaintiff anything. Defendants admit the second sentence of Paragraph 20. Defendants deny the third sentence of Paragraph 20 of the Complaint.

21. Defendants incorporate by reference their responses to Paragraphs 1-20 of the Complaint.

22. Paragraph 22 of the Complaint is denied.

23. Paragraph 23 of the Complaint is denied.

WHEREFORE, PREMISES CONSIDERED, Defendants pray this Plaintiff take nothing by his action, that they have and recover their costs and attorneys' fees, and for such and other relief as they may be entitled.

Dated: June 3, 2011

/s/Thomas K. Equels
Thomas K. Equels
Florida Bar No. 304735
EQUELS LAW FIRM
860 North Orange Avenue
Suite 600
Orlando, Florida  32801
tequels@equelslaw.com
Phone:      407/ 839-0095
Facsimile:   407/ 839-2050

Counsel for Defendants

## Certificate of Service

    I certify that on June 3, 2011, the foregoing document was served on counsel for Plaintiff by ECF or regular U.S. Mail, postage prepaid, as follows:

>Christopher G. Moorman
>Moorman Pieschel LLC
>One Midtown Plaza, Suite 1205
>1360 Peachtree Street NE
>Atlanta, GA  30309
>
>David George
>Connelly Baker Wotring LLP
>700 JP Morgan Chase Tower
>600 Travis Street
>Houston, TX  77002
>
>Louis K. Bonham
>OSHA LIANG, LLP
>Two Houston Center, Suite 3500
>909 Fannin Street
>Houston, TX  77010
>
>Bret Reed Hobson
>Edward Bryan Krugman
>1201 West Peachtree Street N.W.
>3900 One Atlantic Center
>Atlanta, GA  30309-3417
>
>/s/ Thomas K. Equels
>Thomas K. Equels