IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| DUSTIN S. KOLODZIEJ § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | C.A. No. 6:11-CV-859-CEH-GJK | |
| § | | |
| JAMES CHENEY MASON AND § | | |
| J. CHENEY MASON, P.A. § | | |
| *Defendants* § | Jury Demanded | |

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Dustin S. Kolodziej files this response to this Court's August 8, 2012 Order to Show Cause why this case should not be dismissed for lack of prosecution based on the Case Management Report not being timely filed.[1]

**I.      Background**

This case was originally filed in the Southern District of Texas by the Plaintiff's attorney David George.[2] Defendants James Cheney Mason and J. Cheney Mason, PA (collectively, the "Defendants") were represented in the Texas case by Louis K. Bonham, a Texas lawyer.[3] Bonham continues to represent the Defendants in this case.[4] George and Bonham held a Rule 26(f) conference and filed a Case Management Plan with the Texas court.[5]

---

[1] Doc. 49 (Aug. 8, 2012).

[2] *Kolodziej v. Mason*, No. 4:09-CV-01889 (S.D. Tex.) (the "Texas Case").

[3] *See* Docket Sheet in the Texas Case, attached as Exhibit A. The Defendants were also represented by another member of Bonham's law firm, Brian Wunder, who also represents the Defendants in this case. *Id.*; Doc. 46 (July 22, 2011). "Doc. __" refers to the docket numbers for filings in this case, unless another case is specified.

[4] *See* Doc. 37 (June 9, 2011).

[5] *See* Doc. 20 in Texas Case, attached as Exhibit B.

The Texas case was dismissed for lack of personal jurisdiction over the Defendants, and the Plaintiff re-filed the case in the Northern District of Georgia.[6] George again represented the Plaintiff and Bonham again represented the Defendants.[7] The Defendants filed a motion to dismiss the case for lack of personal jurisdiction and improper venue.[8] The Georgia federal court held that it had personal jurisdiction over the Defendants and that venue was proper in that court.[9] But the Georgia federal court decided to transfer the case to this Court under 28 U.S.C. § 1404(a) based on the convenience of the parties and witnesses.[10]

George continues to represent the Plaintiff in this Court, but the Plaintiff has also engaged Orlando lawyer John Boudet of the Roetzel & Andress firm as local counsel.[11] Similarly, Bonham continues to represent the Defendants in this Court, but the Defendants have also engaged Orlando lawyer Thomas Equels of the Equels Law Firm as counsel.[12]

This Court issued its Related Case Order and Track Two Notice immediately after this case was transferred from the Georgia federal court.[13] At that time, the Plaintiff was not yet represented by Florida counsel.[14] Instead, the Plaintiff was represented by George and the Georgia local counsel. In compliance with this Court's Related Case Order and Track Two

---

[6] *See* Docs. 27 & 28 in Texas Case; Doc. 1 (June 29, 2010).

[7] Doc. 1; Doc. 11 at 25 (August 13, 2010).

[8] Doc. 11.

[9] Doc. 20 (May 20, 2011).

[10] Doc. 20. This case was originally assigned to Judge Scriven, but in December 2011 it was reassigned to Judge Honeywell. Doc. 48 (Dec. 20, 2011).

[11] Doc. 39 (June 17, 2011); Doc. 44 (June 24, 2011).

[12] Doc. 25 (June 3, 2011); Doc. 37.

[13] Doc. 23 (May 24, 2011) (entered one day after the case was transferred); George Declaration at ¶ 3, attached as Exhibit C.

[14] *See* Doc. 39 (Order entered on May 24, 2011, but Florida local counsel John Boudet did not enter his appearance on behalf of Kolodziej until June 17, 2011); Ex. C at ¶ 3.

Notice, George—on behalf of the Plaintiff—filed notice that there were no related cases.[15] George did this before Florida counsel had been retained.[16]

George, however, did not meet with the Defendants' counsel or file the Case Management Report as required by this Court's Related Case Order and Track Two Notice and Local Rule 3.05.[17] The combination of several factors led to that not being done.[18]

First, George had held the Rule 26(f) conference with the Defendants' counsel Bonham and filed the Case Management Plan in the Texas case.[19] That is essentially the same as the requirement in this Court's Local Rule 3.05 to hold a conference and file a Case Management Report.[20] George was confused as to whether the conference that he had held with Bonham was in the Texas case or the Georgia case.[21] The Georgia case was transferred to this Court and is still active, so any conference in that case would also be in this case.[22]

Second, George filed the notice of no related cases—which was in partial compliance with this Court's Related Case Order and Track Two Notice—before Florida counsel had been engaged.[23] The fact that this case was transferred to this District, as opposed to being filed in it

---

[15] Doc. 32 (filed June 7, 2011) ; Ex. C at ¶ 3.

[16] Doc. 32; Doc. 39; Ex. C at ¶ 3.

[17] Ex. C at ¶ 4.

[18] *Id*.

[19] Ex. B; Ex. C at ¶ 5.

[20] Ex. C at ¶ 5.

[21] *Id*.

[22] *Id*.

[23] Doc. 32 (notice of no related cases filed June 7, 2011); Doc. 39 (Florida counsel Boudet entered appearance on behalf of Kolodziej on June 17, 2011); Ex. C at ¶ 6.

3

originally, led to documents having to be filed before Florida counsel had been engaged.[24]  In fact, George had to file documents before he was even admitted pro hac vice.[25]

Third, the combination of these factors led to the Plaintiff's attorney George not realizing that he needed to have another conference with the Defendants' counsel and file another Case Management Plan/Report.[26]  And the fact that the Plaintiff's Florida counsel came into the case after filings had been made in response to this Court's Related Case Order and Track Two Notice did not prompt him to realize that the Case Management Report had not yet been filed.[27]

The sum of these factors was the Plaintiff's counsel did not realize that they had not held the required conference with the Defendants' counsel and filed the required Case Management Report.[28]  This was a mistake on the part of the Plaintiff's counsel and in no way intentional.[29]

## II. When the Plaintiff's Counsel Realized that the Case Management Plan Had Not Been Filed, they Immediately Took Steps to Correct the Situation

In early May 2012, George reviewed this Court's docket to check the status of the case.[30]  He realized that no conference had been held with the Defendants' counsel and no Case Management Plan had been filed, as this Court had ordered.[31]  George then emailed the Defendants' counsel Bonham and told him that this had "slipped through the cracks."[32]  George stated that they needed to meet in person to discuss discovery and scheduling issues.[33]  George

---

[24] Ex. C at ¶ 6.

[25] *Id*.

[26] *Id*. at ¶ 7.

[27] *Id*.

[28] *Id*. at ¶ 8.

[29] *Id*.

[30] *Id*. at ¶ 9.

[31] *Id*.

[32] *Id*.; Ex. C-2.

[33] Ex. C at ¶ 9; Ex. C-2.

offered to meet at Bonham's office in Austin or in Houston (where George is located) if that was convenient.[34]

Later that day, Bonham emailed George and stated that he was in the middle of a trial in Houston, so they might be able to meet the following week when the jury had the case.[35] George wrote back two minutes later and said that was agreeable and asked Bonham to let him know when they could meet.[36]

Eighteen days later, Bonham emailed George and told him that Equels, the Defendants' Florida counsel, would be handling "the case management meeting and report."[37] Within 72 hours, George emailed Equels and asked when they could talk about the issue.[38] Equels did not respond to the email, so George emailed him again 17 days later and asked when they could talk.[39] The next day, Equels said that they could talk "[a]nytime," and that they "need[ed] to set up a meeting in Orlando as soon as possible."[40] On June 27, 2012—within 10 days of Equels' email—the Plaintiff's Florida local counsel emailed Equels and told him that he would "be happy to host the meeting at [his] office in Orlando."[41] He requested dates over the next 30 days when they could meet.[42]

---

[34] Ex. C at ¶ 9; Ex. C-2.

[35] Ex. C at ¶ 10; Ex. C-2.

[36] Ex. C at ¶ 10; Ex. C-2.

[37] Ex. C at ¶ 11; Ex. C-2.

[38] Ex. C at ¶ 11; Ex. C-2.

[39] Ex. C at ¶ 11; Ex. C-2.

[40] Ex. C at ¶ 11; Ex. C-2.

[41] Ex. C at ¶ 12; Ex. C-3.

[42] Ex. C at ¶ 12; Ex. C-3.

On July 9, 2012, Equels called Boudet and agreed to meet with him on July 20, 2012.[43] On July 12, 2012, Equels emailed Boudet and stated that he would not meet with Boudet unless this Court agreed to allow the Plaintiff to extend the time for complying "with the order related to case management."[44] Equels stated that he would not oppose such a motion. Boudet informed George of that email on July 17, 2012.[45]

George then began preparing an unopposed motion for leave to file the Case Management Report.[46] Before George was able to file that unopposed motion, this Court issued its Order to Show Cause on August 8, 2012.[47] Between July 17, 2012 (when George learned that Equels would not meet with Boudet without an order from this Court) and August 8, 2012 (when this Court issued its Order to Show Cause) George filed appellate briefs with the United States Court of Appeals for the Fifth Circuit and the Texas Supreme Court, and a motion for rehearing with the Texas Court of Appeals.[48] That briefing was the focus of George's efforts for the three weeks between July 17 and August 8.[49]

### III. Standard for Dismissal for Failure to Prosecute

The Eleventh Circuit has held that an order dismissing a case for failure to prosecute is a dismissal with prejudice when limitations bars the plaintiff from refiling the case.[50] This is a suit on an oral contract, so the limitations period is four years.[51] The statute of limitations has

---

[43] Ex. C at ¶ 13.

[44] *Id.*; Ex. C-4.

[45] Ex. C at ¶ 13; Ex. C-4.

[46] Ex. C at ¶ 14.

[47] Doc. 49; Ex. C at ¶ 14.

[48] Ex. C at ¶ 15.

[49] *Id.*

[50] *Justice v. United States*, 6 F.3d 1474, 1481-82 (11th Cir. 1993); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. Unit B 1981).

[51] FLA. STAT. § 95.11(3)(k); GA. CODE ANN. § 9-3-25.

already run.[52]  Therefore, a dismissal for failure to prosecute will act as a dismissal with prejudice that will bar the Plaintiff's claim.

The Eleventh Circuit has held that a dismissal with prejudice is "a sanction of last resort, applicable only in extreme circumstances."[53]  So "[m]ere negligence or confusion is not sufficient to justify a finding of delay or willful misconduct."[54]  The Eleventh Circuit has also held that dismissal with prejudice "may be properly imposed *only* when:  (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice."[55]

The Eleventh Circuit has made clear that "the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable."[56]

## IV.   This Court Should Not Dismiss this Case for Failure to Prosecute

There is no evidence to support dismissing this case with prejudice for failure to prosecute.  The Plaintiff's counsel George has explained that it was his confusion regarding whether he needed to have a new consultation with the Defendants' counsel and file a new Case Management Report.[57]  When George discovered the error in early May 2012, he took steps to

---

[52] *See* Doc. 1 at 6-7 (limitations began to run in February 2008 at the latest).

[53] *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

[54] *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

[55] *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 11th Cir. 2005) (emphasis in original; internal quotations omitted); *see also Zocaras*, 465 F.3d at 483 ("There must be both a clear record of willful conduct and a finding that lesser sanctions are inadequate" before a case may be "dismiss[ed] for failure to comply with the rules of the court ….).

[56] *Betty K Agencies, Ltd.,* 432 F.3d at 1338.

[57] Ex. C at ¶¶ 3-8.

have the meeting with the Defendants' counsel and file the Case Management Report.[58] This Court issued its Order to Show Cause before the Plaintiff could file that motion.[59]

This evidence shows that the Plaintiff's failure to have the meeting and file the Case Management Report was no willful, so these are not "extreme circumstances" that justify this Court entering the "sanction of last resort."[60]

In addition, the Defendants' counsel—just last month—stated that the Defendants did not oppose this Court allowing the Plaintiff additional time to file the Case Management Report.[61] So the Defendants will not be prejudiced by this Court retaining this case.

## V. Conclusion

This Court should hold that the Plaintiff has provided sufficient reason for this Court to retain this case. This Court, therefore, should not dismiss this case for failure to prosecute.

Respectfully submitted this 21st day of August, 2012.

|  |  |
|---|---|
| John A. Boudet, Esq.<br>Florida Bar No. 515670<br>Trial Counsel<br>ROETZEL AND ANDRESS<br>420 S. Orange Avenue<br>CNL Tower II, Seventh Floor<br>Orlando, FL 32801<br>Telephone: (407) 245-2451<br>Fax: (407) 835-3596<br>jboudet@ralaw.com | /s/ David George<br>David George<br>*Admitted Pro Hac Vice*<br>Texas Bar No. 00793212<br>CONNELLY • BAKER • WOTRING LLP<br>700 JPMorgan Chase Tower<br>600 Travis Street<br>Houston, Texas 77002<br>Telephone: (713) 980-6513<br>Fax: (713) 980-1701<br>dgeorge@connellybaker.com |

*Counsel for Plaintiff*

---

[58] *Id.* at ¶¶ 9-13.

[59] *Id.* at ¶ 14.

[60] *Goforth*, 766 F.2d at 1535.

[61] Ex. C at ¶ 13.

8

## CERTIFICATE OF SERVICE

      I certify that on August 21, 2012, this document was served on the following counsel of record by through this Court's ECF system:

| | |
|---|---|
| Louis K. Bonham<br>OSHA LIANG LLP<br>Two Houston Center<br>Suite 3500<br>909 Fannin Street<br>Houston, Texas 77010<br>bonham@oshaliang.com | Thomas K. Equels<br>EQUELS LAW FIRM<br>860 N. Orange Ave., Ste 600<br>Orlando, Florida 32801<br>tequels@equelslaw.com |

                                      /s/ David George<br>                                      David George