UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DUSTIN S. KOLODZIEJ,

    Plaintiff,

v.                                    Case No. 6:11-CV-00859-MSS-GJK

JAMES CHENEY MASON AND
J. CHENEY MASON, P.A.,

    Defendants.
_____/

## REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

The Plaintiff is a Texas lawyer. (*See* Exhibit "A.") This lawsuit is an act of legal adventurism Plaintiff undertook after watching a Dateline NBC interview of Mr. Mason related to a murder case in Polk County, Florida. Plaintiff claims to have taken up what he calls a "challenge," and has since belabored Mr. Mason and federal district courts in Texas, Georgia, and Florida. Three years ago Plaintiff was provided an undisputed transcript of the interview showing that Mr. Mason's actual words form no basis for this lawsuit; nevertheless, Plaintiff pushed forward. However, since the Northern District of Georgia transferred the case to the Middle District of Florida on May 20, 2011, Plaintiff has done virtually nothing.

The law is clear in this Circuit that "[a] district court need not tolerate defiance of reasonable orders." Equity Lifestyle Props., Inc v. Fla. Mowing & Landscape Serv., 556 F.3d 1232, 1241 (11th Cir. 2009). Dismissal is well within this court's purview on that basis alone. But here, the court has another distinct and compelling source of authority for

dismissal. Rule 41(b) of the Federal Rules of Civil Procedure provides that "*[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court*, a defendant may move for dismissal of an action or of any claim against him." Fed. R. Civ. P. 41(b). (Emphasis added.) *See also*, Local Rule 3.10, Failure to Prosecute. The Supreme Court of the United States affirmed this right, stating, "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630-631 (U.S. 1962). The Court in Link also states:

> "There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" Id. at 633-634.

Plaintiff's Response cites Justice v. United States, 6 F.3d 1474, 1480 (11th Cir. 1993). However, in that case, the court opined that because the Plaintiff-Appellant "missed court-imposed deadlines ... and otherwise ignored or neglected orders of the district court," his case *should* be dismissed with prejudice, and without any tolling of the statute of limitations. Id. at 1480. Plaintiff also relies upon Betty K Agencies, LTD v. M/V Monada, 432 F.3d 1333, 1336 (11th Cir. 2005), which is clearly distinguishable from the instant case. Here we have an extended period of failure to prosecute *and* failure to comply with a court order.

EQUELS LAW FIRM · ATTORNEYS AT LAW · 860 NORTH ORANGE AVENUE · SUITE A · ORLANDO, FLORIDA 32801

Nothing in Rule 41(b), Local Rule 3.10, or the Supreme Court opinion in Link, *supra*, suggests that prejudice to Defendants is an element required for dismissal for failure to prosecute. Dismissal is based upon prejudice to judicial administration. Despite this, Plaintiff overstates the words of Defendants' counsel, asserting that "Defendants' counsel—just last month—stated that Defendants did not oppose this Court allowing the Plaintiff additional time to file the Case Management Report. So the Defendants will not be prejudiced by this Court retaining this case." *See* Plaintiff's Response to Order to Show Cause, ¶8. However, Defendants' actual position cannot be misconstrued because it was given in writing. It reasserts a prior demand on July 20, 2009 for dismissal per Rule 11 and goes on to state, "I have reviewed the matter related to our meeting and I think first you need to get court permission for late compliance with the order related to case management. *Please prepare a draft motion for my review, and in all probability, I will not oppose your motion.*" (Emphasis added.) Yet, even then, another month passed and, consistent with the Plaintiff's prior pattern, Plaintiff never provided a draft motion. Plaintiff did nothing. Plaintiff's excuse is that there were other, more important things to do in other cases. That is no excuse. This is a frivolous case, based upon an improper motive, followed by a pattern of extremely dilatory conduct. Dismissal is justified.

Respectfully submitted this 5th day of September, 2012.

s/Thomas K. Equels

## Certificate of Service

  I hereby certify that on September 5, 2012, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: John A. Boudet, Roetzel and Andress, 420 S. Orange Avenue, CNL Tower II, Seventh Floor, Orlando, FL 32801 and David George, Connelly Baker Wotring, LLP, 700 JPMorgan Chase Tower, 600 Travis Street, Houston, Texas 77002; and Louis Bonham, Esq., 918 Congress Avenue, Suite. 919, Austin, TX 78701.

                s/ Thomas K. Equels
                Thomas K. Equels
                Florida Bar No. 304735
                Equels Law Firm
                860 North Orange Avenue, Suite A
                Orlando, Florida 32801
                tequels@equelslaw.com
                Phone: (407) 839-0095
                Facsimile: (407) 839-2050

                Counsel for Defendants



**STATE BAR of TEXAS**

{ Back to Search Results }

**OVERVIEW**

**CONTACT AND MAP**

| | |
|---|---|
| **Dustin Shawn Kolodziej** | |
| Bar Card Number: | 24073264 |
| Work Address: | |
| Work Phone Number: | |
| Primary Practice Location: | Converse, Texas |

Current Member Status
Eligible To Practice In Texas

In cooperation with

**License Information**
Bar Card Number:        24073264
Texas License Date:     09/02/2010

**Practice Information**
| | |
|---|---|
| Firm: | None Reported By Attorney |
| Firm Size: | None Reported By Attorney |
| Occupation: | None Specified |
| Practice Areas: | None Reported By Attorney |
| Services Provided: | None Reported By Attorney |
| Foreign Language Assistance: | None Reported By Attorney |

**Law Schools**
| Law School | Graduation Date | Degree Earned |
|---|---|---|
| South Texas College Of Law | | |

**Public Disciplinary History State of Texas\***

| Sanction | Date of Entry | Sanction Date Start - End | Probation Date Start - End |
|---|---|---|---|
| No Public Disciplinary History - Texas | | | |



"A"

Courts of Admittance
Federal

*NOTE: Only Texas disciplinary sanctions within the past 10 years are displayed. For sanction information beyond 10 years, information about a specific disciplinary sanction listed above or to request a copy of a disciplinary judgment, please contact the Office of the Chief Disciplinary Counsel at (877) 953-5535. There is a $15.00 fee for each disciplinary judgment copied.*

**Other States**

| Sanction | State | Sanction Date Start - End |
|---|---|---|

None Reported By Attorney

**Statutory Profile Last Certified On:**   11/09/2011

*The Texas Attorney Profile provides basic information about Attorneys licensed to practice in Texas. Attorney profile information is provided as a public service by the State Bar of Texas as outlined in Section 81.115 of the Texas Government Code. The information contained herein is provided "as is" with no warranty of any kind, express or implied. Neither the State Bar of Texas, nor its Board of Directors, nor any employee thereof may be held responsible for the accuracy of the data. Much of the information has been provided by the attorney and is required to be reviewed and updated by the attorney annually. The information noted with an asterisk (\*) is provided by the State Bar of Texas. Texas grievance/disciplinary information will not appear on the profile until a final determination is reached. Access to this site is authorized for public use only. Any unauthorized use of this system is subject to both civil and criminal penalties. This does not constitute a certified lawyer referral service.*

Phone:

Download vCard
Show in Google Maps
Show in Google Earth