# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**Dustin S. Kolodziej**
        **Plaintiff,**

  v.                              Case No. 6:11-CV-00859-CEH-GJK

**James Cheney Mason and**
**J. Cheney Mason, P.A.**
                              **DISPOSITIVE MOTION**
        **Defendants.**

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants J. Cheney Mason and J. Cheney Mason, P.A., file this reply in support of their motion for summary judgment ("Defendants' Motion").

1. **Mason Simply Did Not Make the "Challenge" Attributed to Him.**

As the Court can observe from the summary judgment record, there is no question that NBC selectively edited Mason's comments about the Serrano case to create a "teaser" to keep viewers interested. In particular, NBC omitted Mason's statements that plainly showed that Mason's "challenge," if any, was a hyperbolic one to the prosecution (*i.e.*, the "they" who did not adduce any evidence at trial that it was possible to complete the last leg of the journey in 28 minutes). Nor is there any dispute that Mason had no involvement with NBC's editing or broadcast of his statements, and indeed was not even aware of how his remarks had been edited until after Kolodziej made his demand.

When confronted with what Mason actually said (as opposed to how NBC edited and broadcast his remarks), Kolodziej previously claimed that Mason somehow "ratified" NBC's editing and broadcast of his remarks by not obtaining a retraction. As detailed in Defendants' Motion (pp. 9-11), however, Kolodziej's ratification theory is factually and legally baseless. <u>Kolodziej's response to Defendants' Motion does not dispute these points or controvert Mason's summary judgment evidence on them</u>, and thus he has abandoned his ill-conceived ratification argument.

Kolodziej's entire case is thus based on a theory that a third party (NBC) could edit Mason's remarks into something Mason neither said nor intended, but Mason nevertheless can be liable notwithstanding his lack of involvement (or even knowledge) of NBC's editing and broadcast of his remarks. That is absurd and unprecedented. Under Kolodziej's bizarre theory, if a person tells a reporter:

> Alpha and Bravo are my friends, and have asked to use my beachhouse next week. But I've already told someone else, Charlie and Delta, that they could use it next week, and they've given me a deposit for the rent. So, if they come by and ask for the key, I'll have to let them use it.

and for whatever reason, the reporter edits those remarks and, without the speaker's knowledge or consent, reports that the speaker said:

> Alpha and Bravo are my friends, and have asked to use my beachhouse next week. So, if they come by and ask for the key, I'll have to let them use it.

that somehow is evidence of a unilateral contract that the speaker offered to allow Alpha and Bravo can use his beachhouse if they come by and ask for the key, notwithstanding that the speaker clearly neither made or intended to make any such offer to Alpha and Bravo, and that his final comment was actually directed at someone else entirely. That is not the law.

Kolodziej claims that the language NBC edited away is simply "parenthetical," and therefore is "not part of the challenge." However, Kolodziej cannot simply dismiss Mason's actual words because they inconvenience his treasure hunt. Further, as detailed in Defendants' Motion, Mason's use of "they" and "them" in his remarks was clearly referring to the prosecution (*e.g.*, "did <u>they</u> bring in any evidence"; "did <u>they</u> prove the case <u>they</u> charged – <u>they</u> proved that beyond a reasonable doubt"). As a matter of simple and obvious grammar, "they" and "them" referenced the prosecution. NBC's selective edit thus twisted Mason's remarks into something he neither said nor intended.

If Kolodziej truly believed he was improperly "misled" by NBC's editing and broadcast of Mason's remarks, then perhaps he should have sued NBC (and suffered the inevitable consequences of bringing such a claim). But there is simply no basis for imposing a unilateral contract obligation on Mason based on NBC's actions in selectively editing Mason's remarks to create a "teaser" that NBC thought would keep viewers interested, or to allow Kolodziej to claim to have "accepted" a challenge that he did not actually hear..

**2.      Mason's Actual Remarks Were Hyperbole.**

As detailed in Defendants' Motion, Mason's actual remarks were clear hyperbole that no rational listener could have perceived were a serious challenge to pay prosecutors $1 million if they could show their theory of the case could be performed. Kolodziej does not dispute that such a challenge to prosecutors would be obvious hyperbole, but instead asserts that there is a fact question as to whether Mason's "challenge," <u>as broadcast by NBC</u>, can reasonably be interpreted to have been a challenge to the general public. But this again requires the Court to assume that the independent actions of a third party (NBC), in selectively editing Mason's remarks, can somehow

transmute obvious hyperbole into something for which Mason could conceivably be found liable. There is simply no legal basis for doing so.[1]

NBC's intervening action, in editing Mason's remarks into something he neither said nor intended, also distinguish this case from the various "prove me wrong" cases cited by Kolodziej. In all those cases, there was no question that the offeror in fact made (and intended to make) the exact statements that were reported or broadcast. Such is not the case here.

**3.      Any Arguable "Challenge" Lacked the Requisite Specificity to be a Valid Contract.**

Kolodziej does not (and cannot) deny that Florida law requires that a contract contain "sufficient specification of essential terms." *See* Defendants' Motion at pp.13-14 and authorities cited therein. While Florida law may well teach that court's should be hesitant in finding contracts void for indefiniteness, such does not mean courts may not do so where the putative contract fails to specify the essential terms.

Kolodziej's response (p.16) claims that the essential terms of performance were to go from landing at the Atlanta airport to Serrano's hotel in 28 minutes – and nothing else. Of course, under this interpretation, once could charter a private plane, arrange to be picked up immediately upon landing by a helicopter, and land at the hotel, and thereby claim to have performed the essential terms of the "challenge." Of course, Kolodziej admits that such was not the case – he understood that the "challenge" was to replicate the state's actual theory of the case; *i.e.*, to make the trip in the manner and under the same circumstances as Serrano was alleged to have done so. *See* Kolodziej's

---

[1]   To the extent that Kolodziej seeks to have the Court consider the unbroadcast portions of the NBC interview with Mason, those cannot possibly form the basis of any "challenge" because they were never in fact communicated to Kolodziej; indeed he did not even know of them until after he had filed the first of his sequential lawsuits. They thus could not have been part of any "offer" he claims to have "accepted" by performance.

Declaration at ¶ 2 (Ex. B to Kolodziej's Response); Kolodziej Deposition at 32, 35-36 (Ex. 5 to Defendants' Motion). There is simply nothing in the NBC broadcast that discloses those essential details of the State's alibi rebuttal. There is thus no way for anyone to determine what the terms of the purported "challenge" were or whether they have been performed.

Kolodziej's response also argues that because the NBC broadcast did not include information on essential terms like the proper gate and terminal to use, or even what seat on the plane to start from, those were somehow not part of the "challenge." Of course, the decisions on what was included in NBC's broadcast were made by NBC – not Mason – and thus once again Kolodziej seeks to base the terms of the purported "challenge" not on what Mason actually said or intended, but on NBC's editorial decisions. Moreover, Kolodziej's argument contradicts his admissions (in both his deposition and declaration) that the "challenge" was to replicate the State's theory of the case -- not merely to get from point A to point B in 28 minutes or less, by any means necessary. In fact, Kolodziej's argument proves the point: because those crucial details regarding the State's theory of the case were not included in the broadcast, any purported "challenge" broadcast by NBC lacked sufficient specification of essential terms, and thus could not form the basic for a valid contract under Florida law.

4.      **Kolodziej Did Not Perform the "Challenge."**

As indicated above, Kolodziej admits that the "challenge" was not simply to get from point A to point B in 28 minutes or less, but to replicate the State's theory of the case; *i.e.*, to show that under the particular circumstances alleged, it was in fact possible for Serrano to have gotten from landing at Atlanta Hartsfield Airport on the evening of December 3, 1997 to his hotel in under 28 minutes. Kolodziej does not, and cannot, dispute that the flight that the State alleged Serrano took

(Delta flight 1272 on December 3, 1997) took eleven minutes to go from landing ("wheels down") to that plane arriving at the gate. As a result, to replicate the State's theory of the case, Kolodziej only had seventeen minutes remaining to make it from "arrival at gate" to Serrano's hotel.

The summary judgment record shows that even ignoring all the time required for ground handling and passenger unloading, <u>and</u> ignoring that Kolodziej sat in first class (rather Coach Row 30 or 32, as Serrano did), <u>and</u> ignoring that Kolodziej arrived at Terminal T so that he did not need to take the subway to get to ground transportation), <u>and</u> assuming that Kolodziej in fact went to the right hotel, Kolodziej <u>still</u> took nineteen minutes to get from the jetway to the hotel. Because $11 + 19 = 30$, and $30 > 28$, by his own admission Kolodziej simply did not replicate the State's theory of the case in the time allotted.

**Conclusion**

Enough is enough. Kolodziej has wasted judicial resources of three federal courts in his ill-conceived treasure hunt, to say nothing of the costs to defendants. This case should never have been brought, and should now be dismissed.

    /s/ Thomas K. Equels
Thomas K. Equels
Florida Bar No. 304735
EQUELS LAW FIRM
860 N. Orange Ave., Ste 600
Orlando, Florida 32801
Telephone:  (407) 839-2050
Fax:  (407) 839-2050
tequels@equelslaw.com

Louis K. Bonham (admitted *pro hac vice*)
Texas Bar No. 02597700
OSHA LIANG L.L.P.
919 Congress Avenue, Suite 919
Austin, Texas 78746
Telephone: (512) 480-0667

Fax: (713) 228-8778
bonham@oshaliang.com

**Certificate of Service**

  I hereby certify that on July 29, 2013, a true and correct copy of the foregoing has been served on counsel of record by ECF.

<u>/s/ Thomas K. Equels</u>