UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DUSTIN S. KOLODZIEJ,**

       **Plaintiff,**

v.                                               Case No:   6:11-cv-859-Orl-36GJK

**JAMES CHENEY MASON and J.
CHENEY MASON, P.A.,**

       **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR ATTORNEYS' FEES AND COSTS (Doc. No. 105)**
>
> **FILED:**    **February 13, 2014**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

On January 29, 2014, the Court entered an order granting Defendants' Motion for Summary Judgment. Doc. No. 102. On January 30, 2014, judgment was entered in favor of Defendants. Doc. No. 104. On February 13, 2014, Defendants filed a Motion for Attorneys' Fees and Costs (the "Motion"). Doc. No. 105. On February 17, 2014, Plaintiff filed a notice of appeal. Doc. No. 106.

Defendants argue that Plaintiff's counsel "unreasonably and vexatiously" litigated this "frivolous" action, despite having been provided with evidence in 2009 that should have clearly indicated that Plaintiff's case lacked merit. Doc. No. 105 at 3. As a result, Defendants argue

- 2 -

that Plaintiff's counsel be sanctioned pursuant to 28 U.S.C. § 1927 and the Court's inherent authority, and that they be awarded attorneys' fees and costs. Doc. No. 105 at 5-6. Specifically, Defendants request that the Court order the following awards for attorneys' fees and costs: $95,034.98 to Osha Liang LLP ("Osha Liang") based on an hourly fee agreement; $10,479.83 to Bondurant, Mixson & Elmore LLP ("BME") based on an hourly fee agreement; $150,000.00 to Equels Law Firm ("Equels") based on a fixed fee contingent upon dismissal before trial; and, $6,789.31 in costs. Doc. No. 105 at 5-6.

Upon review, the undersigned finds that the Motion is deficient in several material respects. First, Defendants have not provided the Court with their fee agreement with Equals. *See* Doc. No. 105. Thus, the Court cannot review the accuracy of Defendants' representation that they agreed to pay Equels $150,000.00 if the case was dismissed before trial. Relatedly, Defendants have not provided any authority indicating that they may be awarded a fix contingent fee pursuant to § 1927 or the Court's inherent authority. *See* Doc. No. 105.

Next, Defendants have not provided any evidence (i.e., affidavits, declarations) or relevant authority awarding similar hourly rates to support the reasonableness of the hourly rates charged by counsel from Osha Liang or BME. *See* Doc. No. 105. Without such evidence, the Court cannot not determine whether the requested fees are reasonable. *E.g.*, *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). Similarly, Defendants have not provided any argument as to why they are entitled to the requested costs, nor does the itemized list of Defendants' costs (Doc. No. 105 at 9) adequately indicate how each cost relates to the case. *See* Doc. No. 105. Without such support, the Court cannot determine whether the costs are warranted or reasonable.

Finally, Defendants have not provided any argument or evidence concerning the moment

when the continued litigation of this case became unreasonable and vexatious.  *See* Doc. No. 105; *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) (the amount of a sanction awarded pursuant to § 1927 cannot exceed the costs occasioned by the objectionable conduct). Instead, Defendants indicate that "a hearing will be required to determine what portion of [the requested attorneys' fees and costs] is attributable to [Plaintiff's counsel's] conduct."  Doc. No. 105 at 6.  If the Court determines that sanctions are appropriate and there is a factual dispute as to when the continued litigation of this case became unreasonable and vexatious, an evidentiary hearing will be necessary.  Despite this fact, the Motion should provide Defendants' position on the issue so Plaintiff has a fair opportunity to respond.  In light of the foregoing deficiencies, the Court is unable to determine whether Defendants are entitled to the requested attorneys' fees and costs.

Furthermore, this case is currently pending before the Eleventh Circuit Court of Appeals. *See* Doc. No. 106.  It does not appear that consideration of the appeal would be better informed if accompanied by a decision on attorneys' fees and costs.  The determination of the appeal may affect consideration of the Motion, including whether or not attorneys' fees and costs should be granted pursuant to 28 U.S.C. 1927 or the Court's inherent authority.  Also, if Defendants prevail on appeal, it is likely they will also seek appellate fees and costs.  Moreover, as previously stated, it appears that an evidentiary hearing will be necessary to resolve Defendants' request for attorneys' fees and costs.  Rather than addressing fees and costs in piecemeal fashion and to conserve judicial resources, the undersigned finds that the Motion should be denied with leave to file a renewed motion in the event the Court's judgment is affirmed.  *See* Comments to 1993 Amendments to Rule 58, Federal Rules of Civil Procedure.


- 4 -

Accordingly, it is **ORDERED** that:

1. The Motion (Doc. No. 105) is **DENIED**;

2. **If the Eleventh Circuit Court of Appeals affirms the Court's judgment, Defendants shall file a renewed motion within twenty-one (21) days of the entry of such a judgment**;

3. The renewed motion must address all of the deficiencies identified in this order; and

4. **Failure to file a renewed motion within the time provided may result in denial of any subsequent motion seeking an award of attorneys' fees and/or costs.**

**DONE** and **ORDERED** in Orlando, Florida on February 26, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties